ALD-040                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1996
_____

GEORGE WILLIE BUFORD, III,
                                     Appellant

v.

WARDEN LEWISBURG USP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-14-cv-00679)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 20, 2014

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: December 10, 2014)

_____

OPINION[*]
_____

**PER CURIAM**

George Willie Buford, III, is serving a federal sentence of 1,194 months in prison imposed in 2002 by the United States District Court for the Eastern District of Tennessee for six Hobbs Act armed robberies and related crimes. Buford has filed numerous unsuccessful collateral challenges to his convictions in his sentencing court, including a motion under 28 U.S.C. § 2255 that the sentencing court denied on the merits in 2006 and the denial of which Buford did not appeal. See Buford v. United States, Nos. 3:05-cv-352 & 3:01-cr-102, 2006 WL 3375375, at *2-8 (E.D. Tenn. Nov. 21, 2006).

At issue here is a habeas petition that Buford filed under 28 U.S.C. § 2241 in the district of his confinement. Buford argues that his federal convictions are invalid because Congress enacted its 1947 revisions of Title 18 of the United States Code in violation of the Quorum Clause of Article 1, Section 5 of the United States Constitution. He seeks his immediate release from prison (and the release of some 249,000 other federal prisoners) on that basis. The District Court dismissed Buford's petition after explaining that § 2255 motions are the presumptive means for federal prisoners to challenge their convictions and that Buford's arguments do not render that remedy "inadequate or ineffective." 28 U.S.C. § 2255(e).

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Buford appeals, and we have jurisdiction under 28 U.S.C. § 1291 because a certificate of appealability is not required to appeal the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We will affirm substantially for the reasons explained by the District Court. Although § 2255 motions are the presumptive means for federal prisoners to collaterally challenge their convictions, we have recognized a limited exception permitting resort to § 2241 when a prisoner "'is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' . . . but is otherwise barred from challenging the legality of the conviction under § 2255." United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting In re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997)).

Buford argues that this exception applies to him because the purported invalidity of Title 18 means that his conduct does not constitute a federal crime, but Buford's claim is based on information that has been publicly available since 1947 and he could have asserted it in his first § 2255 motion. Indeed, Buford asserted a similar claim in his § 2255 motion and his sentencing court rejected it as "frivolous." Buford, 2006 WL 3375375, at *3. Buford argues that he could not have asserted this precise claim before because his prosecutor, in purported violation of Brady v. Maryland, 373 U.S. 83 (1963), failed to "disclose" that the House of Representatives lacked a quorum when it approved the Title 18 revisions in 1947. For § 2241 purposes, we are not persuaded. If Buford believes that he has newly discovered evidence calling the validity of his convictions into question, then he may file with the United States Court of Appeals for the Sixth Circuit an application under 28 U.S.C. §§ 2244 and 2255(h) for authorization to file a second or

3

successive § 2255 motion. We express no opinion on that issue, and this observation should in no way be read as a suggestion that Buford pursue that course of action.

For these reasons, we will affirm the judgment of the District Court